Donald D. Beury, SBN 141733
1780 Orange Tree Lane
Redlands, California 90028
Telephone: (619) 753-3041
Email: db.beurylaw@gmail.com

Attorney for Defendant Andrew Mai

FILED
2019 DEC -6 AM 10: 50

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT SIMMERMON

　　　　Plaintiff,

vs.

Chuck Mai, indivaally and as Trustee of the Chuck and Ann Nguyen Mai AB Living Trust dated 10/4/10;
ANDREW MAI, an individual, Mai Realty Inc., a dissolved California corporation; RedTree Realty Inc, a California Corporation; Ann Nguyen Mai, individually and as Trustee of the Chuck Mai and Ann Nguyen Mai AB Living Trust dated 10/4/10 and DOES 1 through 25, inclusive,

　　　　DEFENDANTS

CASE NO:

EDCV19-02350-RGK-KKx

**DEFENDANT'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. 1441(b)
(FEDERAL QUESTION)**

PAID
DEC -6 2019
Clerk, US District Court
COURT 4612

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

　　　　**PLEASE TAKE NOTICE** that Defendant Andrew Mai ("Defendant") hereby removes this action from the Superior Court of the State of California, County of Riverside, Case Number: COC 1909714.

-1-

Notice of Removal to United States District Court

## PLEADINGS

1. On August 30, 2019, Plaintiff filed an action in the Superior Court of the State of California (the "Superior Court") which Plaintiff identified as a "Petition For Order To Arbitrate; Memorandum of Points and Authorities; Declaration of David A Grabhorn; Exhibits". Although said "Petition" has not been served upon Defendant Andrew Mai (or any of the Defendants in this matter) Defendant is attaching as EXHIBIT A to this Notice of Removal a true and correct copy of the first page of said Petition.

## JURISDICTION

2. This action involves operative facts that fall squarely within the parameters of Civil RICO: 18 USC. Sections 1961 – 1968 and thus is removeable under 28 U.S.C. 1441(b) because it is a civil action "arising under the Constitution, laws, or treaties of the United States".

3. Plaintiff is a mysterious "purchaser" who purchased a former "grow house" from Defendant ("sight unseen") after it had been publicly and notoriously shut down by various public agencies because it had been the site of activities related to the cultivation of marijuana. Rather than inspect and investigate the premises, Plaintiff promptly made an "all cash" offer to purchase the residence via an escrow that only lasted twenty three (23) days, with the transaction closing "SIGHT UNSEEN" by the Plaintiff. Specifically, the escrow opened on August 1, 2018 and the escrow closed on August 23, 2018.

4. The total purchase price of the residence was FOUR HUNDRED FORTY-SIX THOUSAND FIVE HUNDRED DOLLARS ($446,500.00). Said purchase money proceeds were wire transferred to the escrow by Plaintiff, who claimed that he resided in Oregon even though Defendant's independent investigation reveals that Plaintiff is almost a "ghost" who resides in multiple locations simultaneously and is "unemployed". The purchase money proceeds were

wired from an out-of-state source, with any and all identifying information as to its source being "blacked out with a Sharpie" by Plaintiff.

5. Shortly after Escrow closed, Plaintiff immediately sought to obtain damages from Defendant speciously claiming that the residence contained mold and that the residence had been inappropriately renovated by Defendants thus rendering it uninhabitable as a home for Plaintiff and his "family and young children." – even though Plaintiff purchased the residence "sight unseen" expeditiously with "all cash" and ostensibly for his "family and young children" despite being "unemployed".

6. Plaintiff then retained legal counsel to seek damages from Defendants and sought to establish arbitration proceedings even though Plaintiff never filed a Complaint in Riverside Superior Court and NEVER SERVED IT but rather merely sought an Order Compelling Arbitration EVEN THOUGH THE RESIDENCE IS MORE VALUABLE NOW THAN WHEN THE ESCROW CLOSED.

7. Sensing that all of the foregoing did not make sense, Defendant engaged in an independent investigation and became informed and thereon believes that the factual nucleus comprising the basis of the Complaint in this matter is a violation of the Racketeer Influenced Corrupt Organizations Act (RICO) which is a federal law designed to combat organized crime in the United States that allows civil penalties for racketeering activity performed as part of an ongoing criminal enterprise and that such activity may include money laundering and a host of other unsavory business practices.

8. Specifically, Defendant is informed and thereon believes that the Defendants in this matter are being victimized by a drug-related criminal enterprise that engages in schemes to purchase aggressively with cash "burned out grow houses" with quick Escrows and zero inspections followed up by effort to extort damages from sellers by filing aggressive litigation against sellers

and their affiliates backed by false expert reports, as well as other fraudulent activities in violation of the RICO Act. Defendant is informed and believes, and based thereon alleges, that the Plaintiff and his affiliates in this criminal enterprise, and each of them, had knowledge of, joined in the formation of, and participated in and/or aided and abetted in a scheme to defraud and extort from Defendant with each of the other Plaintiffs by committing the acts and omissions alleged herein, and that said acts and omissions were committed in furtherance of a conspiracy to defraud Defendant.

9. Plaintiff should not be entitled to benefit financially from the perpetration of this fraudulent scheme and accordingly should be enjoined from reaping any further opportunities arising from his fraudulent conduct.

10. Defendant intends to file forthwith after the filing of this Notice of Removal a Related Complaint for Declaratory and Injunctive Relief and Damages pursuant to Civil RICO: 18 USC. Sections 1961 – 1968 and specifically requesting that this Court issue:

    A. Declaratory Judgments adjudging the actions of the Plaintiff and his co-conspirators, and each of them to be violations of Civil RICO: 18 USC. Sections 1961 – 1968 subjecting Defendants and his co-conspirators and each of them to prospective injunctive relief as determined according to proof and in the discretion of the Court; and

    B. Preliminary and permanent injunctions enjoining and restraining Plaintiff, to benefit financially from any further proceedings related directly or indirectly to the actions that that form the basis of Defendant's RICO claim; and

    C. Preliminary and permanent injunctions enjoining and restraining Plaintiff from continuing making negative and disparaging comments about Defendant to anyone involved with or related to Defendant including Defendant's family, business associates and children; and

D. Preliminary and permanent injunctions enjoining and restraining Plaintiff his co-conspirators, and each of them from fabricating and falsifying evidence relating to the actions that form the basis of Defendant's RICO claim; and

E. Special Damages as well as Punitive and Exemplary Damages and Attorney's Fees and Costs.

## VENUE

11. The United States District Court for the Central District of California is the district and division in which the Defendant resides, and thus this Court is the proper venue for the action.

## NOTICE TO STATE COURT AND ADVERSE PARTY

12. Defendant is filing written notice of this removal with the clerk of the state court in which the action is currently pending pursuant to 28 U.S.C. 1446(d). Copies of notice to adverse party of removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. 1446(d).

**WHEREFORE**, Defendant hereby removes to this Court from the Superior Court for the State of California in the County of Riverside.. Defendant prays for such other and further relief to which Defendant may be entitled, both at law and equity, both general and special.

Respectfully Submitted,

**THE BEURY LAW FIRM**

Dated: December 5, 2019

_____
Donald D. Beury
Attorney for Defendant

# EXHIBIT A

MARY E. GRAM, SBN 168972
DAVID A. GRABHORN, SBN 170602
**MESSINA & HANKIN LLP**
24910 Las Brisas Rd., Ste. 102
Murrieta, CA 92562
mgram@MessinaHankinLaw.com
Telephone No.: (951)894-7332
Fax No.: (951)346-3334

Attorneys for:
Plaintiff ROBERT SIMMERMON

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
AUG 3 0 2019
J. Marcial

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## RIVERSIDE HISTORIC COURTHOUSE
## COUNTY OF RIVERSIDE

| | |
|---|---|
| ROBERT SIMMERMON, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CHUCK MAI, individually and as Trustee of the Chuck Mai and Ann Nguyen Mai AB Living Trust dated 10/4/10, <br> ANN NGUYEN MAI, individually and as Trustee of the Chuck Mai and Ann Nguyen Mai AB Living Trust dated 10/4/10, <br> ANDREW MAI, an individual, <br> MAI REALTY, INC., a dissolved California corporation; <br> REDTREE REALTY, INC. a California corporation and, <br> DOES 1 through 25, inclusive, <br><br> Defendants. | COC 1909714 <br><br> **PETITION FOR ORDER TO ARBITRATE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID A. GRABHORN; EXHIBITS** <br><br><br> *(Filed concurrently with Notice and [Proposed] ORDER.)* |

Pursuant to California Code of Civil Procedure § 1281.2, Plaintiff Robert Simmermon respectfully petitions for an order directing the named defendants to arbitrate the dispute in the matter referenced above.

---
PETITION FOR ORDER TO ARBITRATE
- 1 -
SIMMERMON V. MAI, et al

CASE NO.: _____