# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 19-02350-RGK (KKx)** | Date | December 17, 2019 |
|---|---|---|---|
| Title | ***ROBERT SIMMERMON v. CHUCK MAI, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On December 6, 2019, Andrew Mai ("Defendant") removed this action from the Los Angeles County Superior Court of California to the United States District Court, Central District of California on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Defendant states that the basis for removal is that the claims arise under federal law. However, the Court's review of the Notice of Removal and the first page of the Complaint, attached to the Notice indicates that Plaintiff's claim is a Petition for Arbitration of a dispute regarding the purchase of real property. There is no indication that the Complaint sets forth any claims arising under the U.S. Constitution, treaties, or laws of the United States for which the Court would have "original jurisdiction." 28 U.S.C. § 1441(b). In its Notice, Defendant states that it intends to file a related complaint for declaratory and injunctive relief pursuant to Civil RICO, 18 U.S.C. Sections 1961-1969. However, Defendant cannot confer jurisdiction upon the Court by attempting to attach a federal question to his Notice of Removal or by way of a cross complaint. Accordingly, Defendant's removal is improper for lack of federal question jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 19-02350-RGK (KKx)** | Date | December 17, 2019 |
|---|---|---|---|
| Title | ***ROBERT SIMMERMON v. CHUCK MAI, et al*** | | |

    For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

    **IT IS SO ORDERED.**

                                                                                                                             :

Initials of Preparer